MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6758
  Facsimile: (415) 436-6753
  E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-0119-SI |
| v. | GOVERNMENT OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION (DOCKET #129) |
| VICTOR FLORES, | |
| Defendant. | |

**I.    Introduction**

The Government respectfully submits this Opposition to defendant Victor Flores's *ex parte* application for an order requiring the Government to preserve evidence (Docket #129). For the following reasons, the application should be denied as both premature and moot.

**II.   Background**

As set forth in the supporting Declaration of W.S. Wilson Leung, on or about June 7, 2012, counsel for defendant sent an e-mail to the Government reiterating a demand seeking material relating to an uncharged incident on or about May 3, 2012, when three federal agents

who were executing an arrest warrant for Flores at his home were shot and seriously wounded. The e-mail also requested that law enforcement communications be preserved. In response, the Government later that day stated: "We have received your request. We will comply with our discovery obligations under Fed. R. Criminal Procedure 16(a), as well as our additional obligations under Brady/Giglio." See Leung Dec. Ex. A.

On June 8, 2012, counsel sent an e-mail stating that he was going to seek an "*ex parte* motion, as soon as practical," requiring preservation of law enforcement communications. In response, the Government asked, "Why would you be entitled to seek such an order *ex parte?*" See Leung Dec. Ex. B. Counsel then replied that he was concerned about the destruction of any of the communications he sought and explained that he was "not asking that the Court order discovery of this material at this time, but merely an order that assures its preservation." After receiving this clarification, the Government advised counsel that "there's no need to file a motion: we do not intend to dest[roy ] any such communications that exist." See Leung Dec. Ex. C.

### III. Discussion

The defendant's *ex parte* application should be denied. First, it is premature. Defense counsel has no basis — aside from speculation — for his concern that the Government is planning to destroy any of the internal communications he seeks.

In addition, the defendant's application is also moot. As the Government advised counsel, the Government has no intention of destroying any of the communications relating to the uncharged conduct that the defendant seeks.

//

## IV. Conclusion

For all of the foregoing reasons, the defendant's *ex parte* application should be denied, both because it is premature and because it is moot.

DATED: June 11, 2012                      Respectfully submitted,

                                                MELINDA HAAG
                                                United States Attorney

                                      By: /s/
                                              ACADIA L. SENESE
                                              W.S. WILSON LEUNG
                                              Assistant United States Attorneys