Richard B. Mazer SBN: 49632
Law Office of Richard B. Mazer
99 Divisadero St.
San Francisco, CA 94117
Tel:  415 621 4100
Fax: 415 621 4111
richardbmazer@gmail.com

William L. Osterhoudt  SBN: 43021
Law Offices of William L. Osterhoudt
135 Belvedere Street
San Francisco, Ca 94117
Tel:  415 664 4600
Fax: 415 664 4691
Osterhoudt@aol.com

Attorney for Defendant
Victor Flores

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>VICTOR FLORES, et al.<br><br>            Defendant. | No. CR 12-119 SI<br><br>DEFENDANT FLORES MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS JOINDER IN DEFENDANT JOSEPH ORTIZ' MOTION FOR DISCOVERY IN AID IN THE DEFENSE OF A DEATH- ELEGIBLE DEFENDANT'S<br><br>Date: August 3, 2012<br>Time: 11:00am<br>Place: Hon. Susan Illston, Court Room 10 |

INTRODUCTION

On June 15, 2012, counsel for Defendant Joseph Ortiz filed a Motion for Discovery in Aid of the Defense of a death- eligible Defendant (Docket # 152).  The motion requests the early and broad production of discovery, in part, to enable counsel to prepare and present its case

to the local authorities and, if necessary to the Capital Case Review Committee in Washington D.C, arguing that the death penalty should not be authorized in his case.

Ortiz's Motion was supported by a Memorandum of Points and Authorities (Docket # 153) and by the Declaration of John T. Phillipsborn, Learned Counsel for Defendant Joseph Ortiz (Docket # 156).  Defendant Flores joined in the Motion (Docket # 168).   On July 20, 2012, the Government filed its opposition to Defendant Ortiz's Motion for Discovery (Docket# 213).

The Government essentially argued discovery is controlled by Rule 16 of the Federal Rules of Criminal Procedure and there are no special discovery and disclosure principles that apply to a death-eligible defendant.

Defendant Flores files this Memorandum to inform the Court that *in United States vs. Christopher B. Ablett, Northern District of California (CR 09-0749 RS)*, Chief Magistrate Judge Larson ordered the early production of the discovery now sought by Defendant Ortiz. AUSA Wilson Leung is well aware of the decision as he was at the time the lead prosecutor in the Ablett Case.

ARGUMENT

Ablett, like the instant case was a VICAR, (18USC § 1959(a)) prosecution in which the Defendant was alleged to be a member of an enterprise,  the Mongols Motorcycle Club, who murdered a member of a rival enterprise, the Hells Angels Motorcycle Club, for the purpose of gaining entrance to or maintaining or increasing his position in the enterprise.  When indicted, Ablett was death – eligible. Early in the case the Ablett defense sought broad discovery in part to prepare and present its arguments why Ablett should not be authorized as a death case.

On January 5, 2010 defense counsel sent the prosecution a detailed letter requesting discovery. The letter is attached here to as Exhibit A to this Memorandum.  Having received no response to the letter, on April 23, 2010 Ablett filed a Notion of Motion and Motion to Compel Discovery, a copy which is attached to this Memorandum as Exhibit B.

On May 18, 2010 the government filed it's response to Defendants Discovery Motion at pages 5-8 of its Response to Defendants Pre-Trial Motions.  A copy is attached to this Memorandum as Exhibit C.  The government did not address the need for the early production of broad discovery in a death-eligible case or the specific discovery requests made in Ablett's Motion.  Instead, the government's position was that Rule 16 set the limits of it's obligations and maintained, as it does in the instant case, " Nothing about the death-eligible nature of the charges in this case changes the Government's approach to discovery." ( Exhibit C, P.7)

On June 5, 2010, Ablett filed his reply to Government's Opposition to Discovery.  A copy is attached as Exhibit D. The reply noted that what limited discovery had been produced was heavily redacted, including percipient witness identification information. ( Exhibit D, Declaration of Michael Burt, page3).

On September 2, 2010, Chief Magistrate James Larson held a hearing on the discovery Motion.  A transcript of the hearing is attached as Exhibit E.

On December 29, 2010 Chief Magistrate Judge Larson entered an Order granting all requests made in Ablett's Discovery Motion. A copy of the Order is attached to this Memorandum as Exhibit F.  Chief Magistrate Judge Larson found that because Ablett was presently subject to a possible sentence of death "this warrants especially careful treatment as capital punishment is qualitatively different than any other form of punishment".  Holding that the pre authorization phase of a capital case is analogous to the penalty phase of a trial,

and defense counsel must have access to all relevant discovery in order to provide effective assistance to the defendant, Chief Magistrate Judge Larson Ordered the Government to provided all discovery requested by the Defendant. (Exhibit F, page 14-15).

The government was ordered to produce the discovery within 20 days of the Order. The Government did not appeal Chief Magistrate Judge Larson's Order. Thus, Ablett is authority in this District for this Court to grant the broad discovery requested in Defendant Ortiz' Motion.

DATED: July 26, 2012

         /S/
RICHARD B. MAZER
Attorney for the Defendant
Victor Flores

DATED: July 26, 2012

        /S/
WILLIAM L. OSTERHOUDT
Attorney for the Defendant
Victor Flores