UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>   v.<br>JOSEPH ORTIZ, et al.,<br><br>         Defendants.<br>_____/ | No. CR 12-0119 SI (LB)<br><br>**ORDER RE: NOVEMBER 15 HEARING AND GOVERNMENT'S REQUEST FOR STAY** |

The undersigned has a case management conference set for Thursday, November 15, 2012, at 9:30 a.m. and issues this order to flag for discussion some issues that are raised in the government's response to the court's October 31 order inviting clarification. *See* ECF Nos. 384, 377.

*First*, the court emphasizes that its prior order was not meant to compel discovery beyond that required by the rules and statutes (*e.g.*, Rule 16) or the constitution (*e.g.*, *Brady*) and it was not asking the government to disclose anything earlier than it had to (*e.g.*, Jencks). The court's view -- expressed in the order -- is that it is up to the government whether it wants to produce early Jencks, and of course witness safety issues are a consideration about whether early production is appropriate. At the same time, the January 4, 2010 Ogden memo states that "Prosecutors are also encouraged to provide discovery broader and more comprehensive than discovery obligations" and -- in the section titled "Considerations Regarding the Scope and Timing of the Disclosures" -- counsels that

> Providing broad and early discovery often promotes the truth-seeking mission of the Department and fosters a speedy resolution of many cases. It also provides a margin of error in case the

ORDER  (CR 12-0119 SI (LB))

1   prosecutor's good faith determination of the scope of appropriate discovery is in error.
2   Prosecutors are encouraged to provide broad and early discovery consistent with any countervailing considerations. . . . including, but not limited to: protecting victims and witnesses
3   from harassment or intimidation; protecting the privacy interests of witnesses; protecting privileged information; protecting the integrity of ongoing investigations; protecting the trial
4   from efforts at obstruction; protecting national security interests; investigative agency concerns; enhancing the likelihood of receiving reciprocal discovery by defendants; any applicable legal or evidentiary privileges; and other strategic considerations that enhance the likelihood of achieving
5   a just result in a particular case.

David W. Ogden, Deputy Attorney General**,** Memorandum For Department Prosecutors, "Guidance for Prosecutors Regarding Criminal Discovery," January 4, 2010, at 9-10.

The court understands that the government does not *have* to produce Jencks and thinks that it *ought* to if witness safety is not implicated. It *ought* to particularly in a death-eligible case.

*Second*, as to the government's section B, Redacted and Unredacted Information, the court is not clear about areas of disagreement. The government says it is producing any *Brady* forthwith and Rule 16 discovery (with some redacted for witness safety). The court asks the government to be prepared to talk on Thursday -- on a high level and with examples that are illustrative as opposed to case-specific -- about what really is in dispute.

*Third*, as to additional indexing, the court mainly wants an index (redacted if necessary) to estimate the volume of information that the government intends to produce. This is to figure out how to budget CJA resources. Similarly, by identifying what has been produced in redacted form by bates number, the court is trying to figure out the right method to get the redacted information produced later in a way that will facilitate its use (and the minimization of CJA expense). This all falls within the ESI Protocol's guidance to meet and confer about the form of discovery. One possibility is for the parties to confer on a process that includes people with technical expertise to figure out how best this can be managed. If the government has better ideas about timing, it should talk with Ms. Perilman and Ms. Halbert about what is manageable.

*Fourth*, the court does appreciate that the government is doing a good job being organized about producing discovery and it generally seems to be going as it should.

*Fifth*, the parties can talk about the parameters of a stay on Thursday.

///

///

UNITED STATES DISTRICT COURT
For the Northern District of California

1  **IT IS SO ORDERED.**

2  Dated: November 9, 2012



LAUREL BEELER
United States Magistrate Judge

ORDER  (CR 12-0119 SI (LB))

3