**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JOSEPH ORTIZ, et. al,

        Defendants.

_____/

No. CR 12-00119 SI

**AMENDED HEIGHTENED PROTECTIVE ORDER AND ORDER FOR PRODUCTION THEREUNDER**

      In order to effectuate the speedy and orderly administration of justice, to ensure that the relevant issues in this complex matter are identified, that the parties have an opportunity to engage in appropriate discovery, and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly, the Court ORDERS that, subject to the following conditions, the United States shall disclose to counsel for each of the capital defendants, Joseph Ortiz and Victor Flores, all non-Jencks discovery in the possession of or subject to the control of the Government.  **Such disclosure shall be made no later than Wednesday, May 15, 2013.**  Disclosure to the remaining defendants will be ordered, subject to appropriate conditions, as the trial schedule (presently set for August 19, 2013) requires.  This Court will exercise its inherent power enabling it to manage this case effectively, and will ensure obedience to its orders as necessary.

      The Court finds that the need to ensure witness safety justifies the issuance of a heightened protective order governing the present dissemination and use of such discovery.  For purposes of this Order, non-Jencks Act discovery shall mean discovery that does not consist of statements of a witness as that term is defined in 18 U.S.C. § 3500(e).  If the Government has any doubt as to whether a document is Jencks, it should submit it under seal to Magistrate Judge Beeler for determination.

**United States District Court**
For the Northern District of California

For purposes of this order, any discovery produced pursuant to this order will be referred to as "Heightened Protected Material," and be produced pursuant to the following conditions:

1.    The Government shall produce Heightened Protected Material to counsel of record for the two defendants who are currently eligible for the death penalty, i.e., Shawn Halbert, Lara Vinnard, and John Philipsborn (counsel for defendant Joseph Ortiz); and William Osterhoudt and Richard Mazer (counsel for defendant Victor Flores), as well as one designated paralegal in the office of each counsel who is working directly under the supervision of the counsel of record.  These attorneys and paralegals are collectively referred to as "Covered Persons."

2.    At this time, and in order to effectuate the speedy and orderly administration of justice, Heightened Protected Material is being provided solely to counsel of record for the two death-eligible defendants.  Heightened Protected Material shall not be provided or shown to anyone who is not a Covered Person, including counsel for any co-defendants in the above-captioned matter, and the defendants themselves.  Similarly, information contained in Heightened Protected Material and information derived therefrom shall not be disseminated or provided to anyone other than Covered Persons in any form or by any means.  Covered Persons shall not discuss or share information derived from Heightened Protected Material with anyone other than a Covered Person.

3.    Heightened Protected Material shall be marked with the designation "Heightened Protected Material" or "HPM."  Any discovery so designated by the United States will be subject to the terms of this Order.  Should counsel for any death-eligible defendant believe that a designated document is not properly Heightened Protected Discovery, s/he shall raise this issue with the United States.  If the parties are unable to agree on the status of a given item of discovery, counsel for the defendant may seek leave of the Court (through Magistrate Judge Beeler) to de-designate the item.  However, all items designated as Heightened Protected Discovery must be treated as such until de-designated by the producing party or the Court.

4.    The Government shall maintain a set of Heightened Protected Material in a locked file cabinet in the locked office of Shawn Halbert on the 19th floor of the Phillip Burton Federal Building.  The Court, which resides on the same floor of the same building, finds that the security of this location will adequately address the safety concerns presented by the government in its motion for

**United States District Court**
For the Northern District of California

reconsideration.  The parties may confer with Judge Beeler if they desire to change the location in the future.  The secure location shall be kept locked and accessible only to Covered Persons. Covered Persons shall not remove, duplicate, or photograph any Heightened Protected Material.  Covered Persons may take physical, but not electronic, notes based on their review of Heightened Protected Material, but any such notes shall not be duplicated or shown to or shared with anyone who is not a Covered Person.  Each of the counsel of record shall keep any such notes in a single binder and maintain those notes in a secure and locked location within their offices.

4.    Prior to receiving any Heightened Protected Material, each Covered Person shall sign a copy of this Order acknowledging that he or she: (a) reviewed this Order; (b) understands this Order's contents and obligations; (c) agrees to this Order's terms; (d) understands that failure to abide by this Order may result in sanctions by this Court; and (e) agrees to submit to the jurisdiction of this Court for the punishment of any violations of this Order.

5.    Any pleadings that include or make reference to information contained in Heightened Protected Material (such as witness names, statements, or other identifying information) shall be filed under seal, with access to the sealed information provided only to Covered Persons, the Government, and the Court.

6.    This Order shall be binding on any successor counsel for each Authorized Counsel of Record and a copy of this Order shall be transmitted to such successor counsel.  Before any successor counsel can review any Heightened Protected Material, successor counsel must review and sign a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 9, 2013

SUSAN ILLSTON
United States District Judge

<u>ACKNOWLEDGMENT OF HEIGHTENED PROTECTIVE ORDER</u>

The undersigned acknowledges that he or she:

1.    reviewed the attached Heightened Protective Order;

2.    understands its contents;

3.    agrees to this Order's terms;

4.    understands that failure to abide by this Order may result in sanctions by this Court; and

5.    agrees to submit to the jurisdiction of this Court for the punishment of any violations of this Order.

<u>NAME</u>                    <u>DATE</u>                         <u>TELEPHONE NUMBER</u>

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

**United States District Court**
For the Northern District of California

4