IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br>JOSEPH ORTIZ, *et. al*,<br>    Defendants.<br>                                        / | No. CR 12-00119 SI<br><br>**ORDER TO PRODUCE WITHHELD MATERIALS LOG AND MATERIALS FOR *IN CAMERA* REVIEW** |

On May 9, 2013, the Court ordered, subject to the requirements in an amended heightened protective order, the United States to disclose all non-Jencks discovery in the possession of or subject to the control of the Government, by no later than May 15, 2013. *See* Docket No. 635; *see also* Docket No. 499 (detailing the basis for the Court's order to produce discovery pursuant to a heightened protective order).

On May 15, 2013, the Government filed its notice of "compliance" with the Court's order, which made clear that the Government was not complying with the Court's order. Docket No. 647. To clarify the issue, on May 17, 2013, the Court ordered the Government to produce for the counsel of defendant Joseph Ortiz unredacted copies of all documents previously produced in redacted form. Docket No. 649. Three days later, the Government responded that is was still refusing to produce materials that fell into three categories: (1) law enforcement reports; (2) *Giglio* material; and (3) material redacted to protect the safety of witnesses. Docket No. 650.

The next day, defendant Joseph Ortiz filed a response to the Government's notifications. Docket No. 653. Defendant argues, *inter alia*, that the Court should order the Government to produce a log of all of the materials that it is withholding.

In the Government's notices, it stated that "[t]he Court may sanction the government for its failure to comply" with the Court's orders. Docket No. 650 at 2; *see also* Docket No. 647 at 4. However, one of the factors that this Court will consider when determining the appropriateness of any sanctions will be the extent and importance of the withheld materials. The Court finds that it is necessary for it to have more information regarding the quality and quantity of withheld and redacted materials before it can determine the appropriate sanctions. A more thorough understanding of this information will also be useful to defendants in their arguments regarding sanctions. The Court in this case has been using logs similar to "privilege logs" to keep track of withheld material, whether the material are withheld because of an asserted privilege or other reason. *See* Docket Nos. 419, 609.

Accordingly, the Court ORDERS the Government to produce a log of all withheld and redacted materials **by no later than May 31, 2013.** The log shall contain the following information: (1) the Bates range for each document; (2) the nature of each document (i.e. South San Francisco police report, FBI 302, photographs, rap sheet, prior conviction of a witness); (3) whether the document is being completely or partially withheld (produced in redacted form); (4) the reason for the refusal to comply with the Court's order (i.e. witness safety, alleged Rule 16(a)(1) material, *Giglio*); (5) whether the document contains *Brady* material; and (6) whether the government intends to produce the document at a later date.

Additionally, the Court ORDERS the Government to produce for *in camera* review all withheld and redacted materials **by no later than May 31, 2013.**

**IT IS SO ORDERED.**

Dated: May 23, 2013

SUSAN ILLSTON
United States District Judge

2