IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR FLORES, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. CR 12-00119 SI<br><br>**ORDER RE MOTIONS IN LIMINE**<br>**(Docket Nos. 951, 1026, 1058)** |

Now before the Court are several motions in limine brought by defendants Mario Bergren,[1] Benjamin Campos-Gonzalez, and Victor Flores. On June 13, 2014, the Court heard oral argument on these motions. Having considered the arguments of counsel and the papers submitted, the Court rules as follows:

**1.    Motion to Exclude or Limit Gang Expert Testimony (Dkt. No. 951).**

The defendants move to exclude or limit the testimony of government gang expert Detective Fukushima, or in the alternative, for a *Daubert* hearing.[2] On March 21, 2014, the government provided an updated expert disclosure as to this witness. The government proposes that Detective Fukushima will testify as to:

---

[1] Armando Acosta joins in Bergren's motion opposing shackling. *See* Dkt. No. 1058 at 2 n.1.

[2] Bergren also addressed this issue in his previous motions in limine and the Court deferred ruling on this aspect at the defendants' request. *See* Dkt. No. 939 at 14-21. To the extent Bergren's motion overlaps with the motion brought by Flores and Campos-Gonzalez, the Court rules identically.

a. street gangs that operate in the Bay Area, with an emphasis on South San Francisco;

b. how these street gangs fall under the umbrella of the Nuestra Familia prison gang;

c. the gangs' origins, structure, signs, graffiti, tattoos, colors and symbols, areas of influence, rules, and expected contributions from members;

d. how acts of violence by members enhance the standing of the gang, as well as the internal standing of the members who committed the violent acts;

e. how rival street gangs act to preserve standing and territory;

f. retaliatory killings and the gang "code of silence."

Federal Rule of Evidence 702 permits expert opinion testimony only where it assists the jury in understanding evidence or determining a fact at issue. Much of Detective Fukushima's proposed testimony would more properly be elicited from percipient witnesses and should therefore be excluded. For example, the government can call current or former gang members to testify that certain gangs operate in South San Francisco. Likewise, percipient witnesses can testify that they committed acts of violence to enhance the gang's standing, and their standing within the gang. Additionally, most lay jurors will know – whether from television or movies, or from reading news reports – that rival gangs fight and engage in retaliatory killings, and that they dislike "snitches." Accordingly, to the extent the government proposes that Detective Fukushima present expert testimony about any of these issues, the defendants' motion is GRANTED.

However, there are certain aspects of Detective Fukushima's proposed testimony that would be helpful to the jury because they are outside the sphere of expertise of the typical juror. For example, a lay juror would probably not know much, if anything, about the colors and symbols related to the various gangs in the Bay Area. Similarly, a juror would probably not understand the significance of specific gang tattoos or gang graffiti. Additionally, a juror might not know the meaning of certain terms such as to "put in work" for or be "jumped in" to a gang, or what a "kite" is. As a gang expert, Detective Fukushima could clarify for the jury the meanings of these various terms and symbols. Accordingly, to the extent the government proposes that Detective Fukushima testify about these issues, the defendants' motion is DENIED.

1    In addition to the scope of Detective Fukushima's testimony, there is an issue regarding the
2 disclosure the government has provided defendants. At the motion hearing, defendants noted that is
3 nearly impossible to discern both the opinions he will offer, and the bases for those opinions, from the
4 government's disclosure. The Court agrees. Although it may be possible to piece this information
5 together from a detailed analysis of the reports provided, the defendants should not be required to
6 undertake this additional task. Therefore, the Court ORDERS the government to provide the defendants
7 with a list of the opinions Detective Fukushima will offer, with reference to the limited scope of
8 testimony the Court will permit, outlined above.

9    Finally, the Court finds that a *Daubert* hearing is not necessary, and therefore DENIES the
10 defendants' request.

## 2.    Motion to Exclude References to "Criminal Street Gangs" (Dkt. No. 1026).

13    The defendants move to exclude evidence that they were members of a "criminal street gang"
14 as defined by the California Penal Code. They argue that a criminal street gang is not the same as a
15 RICO conspiracy, and the jury will be confused if reference is made to the defendants being gang
16 members under state law.

17    At the motion hearing, the government asserted that it does not intend to introduce any evidence
18 regarding the California law on criminal street gangs. Accordingly, the Court DENIES AS MOOT this
19 motion, without prejudice to a renewal at trial should such evidence be offered.

## 3.    Bergren's Opposition to Shackling at Trial (Dkt. No. 1058).

22    Mario Bergren has filed an opposition to the Marshal Service's decision that all defendants in
23 this trial will be shackled to their chairs. He argues that he has done nothing to warrant shackling, and
24 is currently housed in the general population at Glen Dyer. Armando Acosta joins in this motion.
25 *See* Dkt. No. 1058 at 2 n.1.

26    Shackling during trial may violate a defendant's constitutional rights, but only if he can
27 demonstrate: "(1) that he was physically restrained in the presence of the jury, (2) that the shackling was
28 seen by the jury, (3) that the physical restraint was not justified by state interests, and (4) that he suffered

prejudice as a result." *United States v. Lopez-Cuevas*, No. CR S-02-418 GEB GGH P, 2011 WL 5024458, at *12 (E.D. Cal. Oct. 20, 2011) (quoting *Ghent v. Woodford*, 279 F.3d 1121, 1132 (9th Cir. 2002) (internal quotation marks omitted)). There is a state interest in shackling a defendant at trial if "compelling circumstances exist with respect to the maintenance of security," and less restrictive alternative were considered. *Id.*

The Court is satisfied that the shackles the Marshals intend to use will not be visually intrusive and will not violate the defendants' constitutional rights. The Marshals have determined that it is necessary to shackle all four defendants during this trial, in the interests of safety and security. The Court agrees. Accordingly, this motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE