IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VICTOR FLORES, et al.,<br><br>    Defendants.<br>_____ / | No. CR 12-00119 SI<br><br>**ORDER RE MOTIONS IN LIMINE**<br>**(Docket Nos. 1044, 1047, 1060, 1068, 1069,**<br>**1072, 1105)** |

Now before the Court are several motions in limine brought by defendants Armando Acosta, Mario Bergren, Benjamin Campos-Gonzalez, and Victor Flores. On June 18, 2014, the Court heard oral argument on these motions. Having considered the arguments of counsel and the papers submitted, the Court rules as follows:

**1.      Notice of Intent to Introduce Evidence Under Rule 807 (Dkt. No. 1044).**

Victor Flores served his notice of intent to introduce his own videotaped statement following the incident where he shot at federal law enforcement officers. He argues that this video is admissible under Federal Rule of Evidence 807, the residual exception to the hearsay rule.

At the hearing, counsel asked the Court to defer ruling on this motion, unless and until the government chooses to offer portions of this statement at trial. At that time, the Court may entertain further arguments as to admissibility. Therefore, the Court DEFERS RULING on this motion until trial.

**2.   Motion to Exclude or Limit Testimony Relating to the Nuestra Familia and "Northern Structure" Prison Gangs (Dkt. No. 1047).**

The defendants move to exclude any reference to the Nuestra Familia, or to "Northern Structure" prison gangs – a term used by the Department of Corrections to refer to members of the prison gang who are not yet fully fledged members of the Nuestra Familia. They argue that such evidence is not probative of the existence of the charged RICO enterprise, and is unfairly prejudicial because the jury will be unduly influenced by the violent nature of these prison gangs. Alternatively, the defendants request a limiting instruction to the effect that the jury cannot find them guilty based on evidence of the existence of these prison gangs.

The Court DENIES this motion, and DEFERS RULING on the need for a limiting instruction until the evidence is presented at trial.

**3.   Motions to Exclude Evidence (Dkt. Nos. 1060, 1069, 1105).**

Defendants move to exclude numerous exhibits and witness testimony on various grounds, and request an evidentiary hearing as to their admissibility. The Court DEFERS RULING on the admissibility of the challenged exhibits and testimony until they are offered at trial, and therefore DENIES the request for an evidentiary hearing. However, the Court cautions counsel for both the government and the defendants not to refer to any of the challenged evidence in opening statements.

**4.   Notice of Intent to Introduce Statements under Rule 807 (Dkt. No. 1068).**

Armando Acosta moves to admit statements of Romeo Cipriano Sonza – who allegedly witnessed the December 18, 2010 shooting – through the testimony of Detective Gregg Oglesby. Acosta contends that these statements are admissible under Rule 807.

Rule 807 permits the introduction of otherwise inadmissible hearsay if:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

"This rule is not to be used as a 'broad hearsay exception, but rather is to be used rarely and in exceptional circumstances.'" *United States v. Bonds*, No. CR 07-00732 SI, 2009 WL 416445, at *4 (N.D. Cal. Feb. 19, 2009) (quoting *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980)).

At the hearing, counsel indicated that she intends to call Sonza as a witness. If Sonza takes the stand, his prior statement may be used to impeach his credibility. However, Sonza's prior, out-of-court statement does not meet the criteria for admissibility for its truth under Rule 807, and the Court therefore DENIES the motion.

**5.     Notice of Intent to Offer Witness Statement under Rule 807 (Dkt. No. 1072)**.

Bergren moves to admit the statement of Irma Garcia, a witness to the alleged house shooting on March 26, 2010, under Rule 807. At the hearing, counsel informed the Court that they now believe this witness will be available to testify at trial. This motion is therefore DENIED AS MOOT.

**6.     Applicability of Orders to Various Defendants.**

Finally, at the hearing counsel informed the Court that the defendants all wish to be automatically joined in all motions unless they explicitly opt out. Accordingly, the Court ORDERS that all rulings from this date forward apply to all defendants. Additionally, the Court ORDERS any defendant who wishes to opt out of a particular motion to file an opt-out notice indicating the docket number of the motion from which he would like to be excluded.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3