IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR FLORES, et al.,<br><br>    Defendants.<br>_____/ | No. CR 12-00119 SI<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS INDICTMENT<br>OR STAY TRIAL PROCEEDINGS** |

On June 18, 2014, the Court heard argument on defendants' motion to dismiss the indictment or stay trial proceedings. Dkt. No. 1092. They argue that such relief is necessary because the jury pool from which the petit jury in this case will be drawn does not represent a fair cross-section of the communities within the Northern District of California. Specifically, defendants claim that Hispanics are under-represented.

Defendants in federal court facing a jury trial have the right to a jury "selected at random from a fair cross section of the community." 28 U.S.C. § 1861; *United States v. Miller*, 771 F.2d 1219, 1227-28 (9th Cir. 1985). The selection of jurors must come from "voter registration lists or the lists of actual voters of the political subdivisions within the district or division." 28 U.S.C. § 1863(b)(2). Additionally, "a district's jury selection plan must 'prescribe some other source or sources of names in addition to voter lists where necessary to' meet the fair cross-section requirement . . . and ensure no citizen is excluded from jury service due to race, color, religion, sex, national origin, or

economic status." *United States v. Hernandez-Estrada*, __ F.3d __, 2014 WL 1687855, at *2 (9th Cir. April 30, 2014) (citing 28 U.S.C. §§ 1861, 1862, 1863(b)(2)).

The Supreme Court has established a three-part test for determining whether a jury selection process is constitutionally sound. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979). The defendant must make a prima facie showing that: (1) the allegedly excluded group is a "distinctive" group within the community; (2) the group's representation in the venire is not fair and reasonable in relation to the representation of that group in the relevant community; and (3) the under-representation is a result of systematic exclusion during the jury selection process. *Id.*

Defendants argue that Hispanics are under-represented in the venire from which their jury will be chosen, in violation of both the Sixth Amendment and the Jury Selection Act. They contend that, according to the most recent information from the jury administrator's office, persons identifying as Hispanic constituted 12.05% of the pool from which their jury will be drawn. By contrast, the 2010 census data for the Bay Area indicates that Hispanic individuals constituted 23.5% of the general population. The government counters that the general census data sweeps too broadly, and in fact Hispanic individuals constitute only 13.1% of the population in the counties from which San Francisco and Oakland-venued juries are drawn. *See* Dkt. No. 1103, Ex. 1.

The Court finds that defendants have failed to make the prima facie showing *Duren* requires. It is undisputed that Hispanic individuals constitute a "distinctive" group under *Duren*'s first prong. However, with regard to the second prong, the Court agrees with the government that the relevant comparison should be between Hispanic representation in the counties from which the jury will be drawn, and Hispanic representation in the jury pool; here, the difference between 13.1% in the community, and 12.05% in the jury pool. This slight disparity is neither unfair nor unreasonable. Even if the Court were to compare the figures defendants present, their argument still fails under the third prong which requires a showing that the under-representation is due to systematic exclusion in the selection process. *See Duren*, 439 U.S. at 364. Defendants have presented no evidence or argument that this District's use of both registered voter records and the California Department of Motor Vehicles as sources of potential jurors constitutes a systematic exclusion of Hispanic people from the jury pool.

Accordingly, the Court finds that defendants have failed to establish a prima facie showing that the jury pool violates the Sixth Amendment or the Jury Selection Act, and therefore DENIES defendants' motion. This Order resolves Docket No. 1092.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE