IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MARIO BERGREN,<br><br>        Defendant.<br>                                             / | No. CR 12-00119 SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On June 18, 2014, the Court heard argument on a motion for reconsideration brought by defendant Mario Bergren.[1] Dkt. No. 1079. Defendant seeks reconsideration of the Court's previous Order denying his motion to suppress evidence. *See* Dkt. No. 973. For the following reasons, the Court DENIES defendant's motion.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While a court is permitted to reconsider a prior order, this is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). A motion for

---

[1] The Court notes that defendant failed to seek leave of the Court to file a motion for reconsideration. However, given the proximity of trial, the Court will address the merits of defendant's motion, notwithstanding this failure.

reconsideration may not be used to present arguments that were, or could have been raised in the initial motion. *Id.*

Defendant moves the Court to reconsider its prior Order, arguing that newly discovered evidence reveals that the confidential informant ("CI") whose statements formed a portion of the probable cause for a warrant "had repeatedly lied to the police in numerous interviews" and was therefore not a "untested" informant as the warrant affidavit stated. *See* Dkt. No. 1079 at 3-4. The government argues that reconsideration is inappropriate, both because the evidence on which defendant relies is not newly discovered, and because the evidence fails on its merits under the *Franks* standard. *See Franks v. Delaware*, 438 U.S. 154 (1978). The Court accepts defendant's contention that this evidence is newly discovered, but agrees with the government that it is insufficient to warrant reconsideration of the Court's prior Order.

To satisfy the *Franks* standard, a defendant must make a preliminary showing that: (1) the affiant intentionally or recklessly included a false statement in the warrant application; and (2) the false statement was material to the issuing judge's determination of probable cause. *Franks*, 438 U.S. at 155-56. Material omissions can likewise form the basis of a *Franks* hearing. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), *amended on other grounds*, 769 F.2d 1410 (9th Cir. 1985). The defendant bears the burden of proof, and must make a "substantial showing" as to both the required mental state of the affiant, and the materiality of the alleged misstatements or omissions. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). A defendant who challenges an affidavit on the basis of material omissions must show that the affidavit, "supplemented by the omissions would not be sufficient to support a finding of probable cause." *Stanert*, 762 F.2d at 782 (citing *Franks*, 438 U.S. at 171-72).

The basis for defendant's motion is a series of police reports documenting an incident in which the CI was assaulted, some four months before she gave the statements that were included in the warrant affidavit. *See* Dkt. No. 1079-1. The reports document the CI's encounters with the police, and note that the CI was uncooperative and sometimes untruthful. *Id.*

The new evidence defendant has produced is not sufficient to form the basis for reconsideration. In its prior Order, the Court found that the omission of certain witness statements from the warrant

application was not a material omission under *Franks*. *See* Dkt. No. 973 at 7-8. The Court noted that the affiant provided both the CI's and defendant's versions of the relevant events to the issuing judge, and that the CI's statements were corroborated by evidence found at the scene, as well as by later ballistics tests linking the defendant to the incidents under investigation. *Id.* The Court ruled that, "even discounting the CI and witness statements about the particular sequence of events," there was still sufficient probable cause for the warrant to issue. *Id.* at 8.

The Court finds that, even had the affiant provided information regarding the CI's uncooperative and untruthful behavior as an assault victim, the issuing judge's finding of probable cause would have been undisturbed. The warrant affidavit informed the issuing judge that defendant had made a statement to the police following the February 2, 2010 vehicular shooting. Dkt. No. 889-1. It further stated that the CI had been with defendant that night and had opted not to tell police the truth of what had really happened. *Id.* The issuing judge was also aware that the statement the CI gave the police when she later decided to cooperate was only corroborated in some details. *Id.* Thus, the issuing judge was aware that the CI had been untruthful with the police in the past, and that her statements were therefore not infallible. Including the additional information about the CI's prior conduct as an assault victim would not have altered the issuing judge's finding of probable cause. *See Stanert*, 762 F.2d at 782 (citing *Franks*, 438 U.S. at 171-72).

Accordingly, the Court concludes that the new information is not sufficient to warrant reconsideration of its prior Order, and therefore DENIES defendant's motion. This Order resolves Docket No. 1079.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3