IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR FLORES, et al.,<br><br>    Defendants.<br>_____/ | No. CR 12-00119 SI<br><br>**ORDER DENYING MOTIONS TO EXCLUDE STATEMENTS OF JOSEPH ORTIZ** |

On June 24, 2014, the Court heard argument on defendants' motions to exclude statements made by Joseph Ortiz. Dkt. Nos. 1075, 1089. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendants' motions.

At trial, the government intends to offer statements made by Joseph Ortiz – the original named defendant in this action – through the testimony of two cooperating witnesses, "CW1" and "CW2." The question before the Court is whether these statements are admissible as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E).

Rule 801(d)(2)(E) provides that a statement made by a co-conspirator, during and in furtherance of the conspiracy, is not hearsay. "A coconspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made 'in furtherance of' the conspiracy." *United States v.*

1 *Larson*, 460 F.3d 1200, 1211 (9th Cir. 2006) (citing *United States v. Bowman*, 215 F.3d 951, 960-61
2 (9th Cir. 2000)). Whether the prosecution can meet this burden is a question for the Court, not for the
3 jury. *United States v. Eubanks*, 591 F.2d 513, 519 (9th Cir. 1979). In making this determination, the
4 Court may consider a broad array of evidence, bound only by the rules of privilege. *See Bourjaily v.*
5 *United States*, 483 U.S. 171, 178, 181 (1987). Additionally, when co-conspirator statements are
6 properly admitted pursuant to Rule 801(d)(2)(E), there is no independent violation of the Confrontation
7 Clause. *See Bourjaily*, 483 U.S. at 182-84; *United States v. Arambula-Ruiz*, 987 F.2d 599, 607 (9th Cir.
8 1993) (citing *United States v. Yarbrough*, 852 F.2d 1522, 1536 (9th Cir. 1988), *cert. denied* 488 U.S.
9 866 (1988)).

10 Defendants argue that the statements the government seeks to introduce were not made in
11 furtherance of any conspiracy, and they therefore cannot be admitted under Rule 801(d)(2)(E). It is
12 beyond dispute that not all statements made by a co-conspirator are in furtherance of a conspiracy.
13 Instead, such statements "must further the common objectives of the conspiracy or set in motion
14 transactions that are an integral part of the conspiracy." *Yarbrough*, 852 F.2d at 1535. The Ninth
15 Circuit has recognized that all of the following types of statements are "in furtherance" of a conspiracy:
16 (1) "[s]tatements made to induce enlistment or further participation in the group's activities," (2)
17 "statements made to prompt further action on the part of conspirators," (3) statements "made to
18 'reassure' members of a conspiracy's continued existence," (4) "[s]tatements made to allay a
19 coconspirator's fears," and (5) "statements made to keep coconspirators abreast of an ongoing
20 conspiracy's activities . . . ." *Id.* at 1535-36 (citations omitted). Statements made to higher-ranking
21 members of the conspiracy also satisfy the "in furtherance" requirement. *Id.* at 1536 (citing *United*
22 *States v. Moody*, 778 F.2d 1380, 1382 (9th Cir. 1985)). Additionally, when "the central purpose of the
23 underlying conspiracy is the formulation of future strategies of concealment, narrations of past events
24 that would otherwise be inadmissible are 'in furtherance of' the continuing, ongoing conspiracy."
25 *United States v. Fielding*, 645 F.2d 719, 727 (9th Cir. 1981).

26 The Court is satisfied that the statements to which CW1 and CW2 will testify were made during
27 and in furtherance of the alleged conspiracy. Some of the statements made to, or in the hearing of, CW1
28 were made as Ortiz told his family and friends – including several co-conspirators – about the

December, 2010 shootings, as he prepared to flee the country to avoid arrest. Others were made as Ortiz continued to learn about and direct the business of his confederates while he was in hiding. The statements made to CW2 were made to determine the impact of the shootings on the conspiracy, and to assess Ortiz's status following those events. All of these statements satisfy Rule 801(d)(2)(E).

The Court finds that the statements the government seeks to admit are statements made by a co-conspirator during, and in furtherance of, a conspiracy. They are therefore not hearsay, and may be admitted without violating the defendants' confrontation rights. *See Bourjaily*, 483 U.S. at 182-84. Accordingly, the Court DENIES defendants' motions. This Order resolves Docket Nos. 1075 and 1089.

**IT IS SO ORDERED.**

Dated: June 25, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3