IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>    v.<br><br>VICTOR FLORES, et al.,<br><br>                     Defendants.<br>_____/ | No. CR 12-00119 SI<br><br>**ORDER RE MOTION FOR PRODUCTION OF COPIES OF ROUGH NOTES** |

Defendants have moved for production of copies of agents' notes of interviews. The motion is DENIED at this time.

Defendants move the Court for an order requiring the government to produce rough notes made by FBI agents, and other agents of the Department of Justice or Department of Homeland Security, created during interviews of potential government witnesses in connection with the investigation of this case. *See* Dkt. No. 1126. Defendants argue that the notes are necessary for effective cross-examination and will serve as "an aid in the search for truth." *Id.* at 2.

The government is generally not required to turn over an agent's rough notes. For example, rough notes are not considered Jencks Act material. *See United States v. Reed*, 575 F.3d 900, 921 (9th Cir. 2009) ("[O]nly the formal interview report, through which the agent intends to communicate to others, will be a 'statement' under the Jencks Act.") (quoting *United States v. Griffin*, 659 F.2d 932, 938 n.4 (9th Cir. 1981)). Moreover, rough notes are only *Brady* material if they contain material exculpatory statements.

The Court must decide whether rough notes should be turned over to a defendant on a case-by-case basis. *See United States v. Pisello*, 877 F.2d 762, 768 (9th Cir. 1989). Where the substance of the

rough notes has been memorialized in a formal memorandum, the government is not required to turn over the rough notes unless the defendant can demonstrate that the notes contained exculpatory information, or information that might impact the outcome of the trial. *Id.*

The Court finds that it would be inappropriate to order the government to produce the agents' rough notes under the facts of this case. There is no indication that the rough notes contain Jencks Act or *Brady* material, or that they are inconsistent with the agents' formal reports in a manner that might ultimately impact the outcome of the trial.

Defendants argue that possession of the rough notes is necessary for effective cross examination of the law enforcement witnesses. "The Sixth Amendment does not guarantee that a defendant has all material that he seeks to impeach a witness." *United States v. Williams*, 291 F.3d 1180, 1191 (9th Cir. 2002), *overruled on other grounds by United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007). Instead, "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).

The government states that it maintains a copy of the rough notes and is happy for counsel to examine the rough notes at the United States Attorney's Office. The Court finds that this is more than sufficient to guarantee defendants the opportunity for effective cross examination of the law enforcement witnesses.

Accordingly, the Court DENIES defendants' motion for production of the agents' rough interview notes. This Order resolves Docket No. 1126.

**IT IS SO ORDERED.**

Dated: June 30, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2