IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR FLORES, et al.,<br><br>    Defendants.<br>                                           / | No. CR 12-00119 SI<br><br>**ORDER RE: JURY INSTRUCTIONS** |

      The Court will instruct the jury as follows:  The Court will give the "Joint Revised Requested Jury Instructions" filed September 12, 2014 (Docket No. 1314), with the following changes:

      (1) Plaintiff's Proposed Instruction No. 11 (Witness Interviews) will be given, but the words "on the contrary" have been excised.  This instruction will be placed immediately after current Instruction No. 21 (Credibility of Witnesses).

      (2) Current Instructions No. 33, 34 and 35 will be placed at the end of the full set of instructions and will be read to the jury <u>after</u> argument, as concluding instructions.

      (3) Defendant Flores' proposed Instruction No. 3 (Attempted Murder of Federal Officer - Defenses) will be read, with an apparent typographical error (extra "not" in line 4) corrected.  This instruction will be placed immediately after current Instruction No. 62 (Attempted Murder of Federal Officer or Employee - Elements).

      (4)  Defendant Acosta's proposed instruction concerning Withdrawal from Conspiracy will be given, but only with respect to the conspiracy charged in Count Twenty, conspiracy to obstruct justice.  This instruction will be placed immediately after current Instruction No. 68 (Conspiracy to Obstruct Justice - Elements).

(5) Proposed Instruction No. 74 (Co-Conspirator (*Pinkerton*) Liability) will not be given. In this action, there are five conspiracies charged, some involving all four remaining defendants (Counts One, Two and Three); one involving only defendant Armando Acosta and "other persons known and unknown," and one involving only Joey Ortiz (not currently a defendant), defendant Benjamin Campos-Gonzalez and "others known and unknown." Twenty-six counts are going to the jury. The instructions which will be given are already long and complex (over 70 pages and counting). Addition of the *Pinkerton* theory to this complex factual situation invites confusion and speculation. The requested instruction singles out certain defendants and certain conspiracies for discussion (defendants Acosta and Bergren for guilt on Count Four but not on Counts Ten, Eleven, Twelve, Thirteen Fourteen, Fifteen, Sixteen, Seventeen or Eighteen; defendants Flores and Campos-Gonzalez for guilt on Counts Ten, Eleven, Twelve, Thirteen Fourteen, Fifteen, Sixteen, Seventeen and Eighteen, with no mention of Count Four), but its theoretical reach is farther and distinctions made are not explained in the instruction. The facts of this case are substantially different from the facts in *United States v. Houston,* 648 F.3d 806 (9th Cir. 2011) and *United States v. Bingham*, 653 F.3d 983 (9th Cir. 2011), cases in which the Ninth Circuit approved of – but did not require – the giving of a form of *Pinkerton* instruction in a VICAR murder case. The Court finds that under the circumstances of this case, the instructions being given will fairly encompass the government's theories of the case, and the addition of this instruction would be unfairly confusing and inappropriate.

(6) The redacted Second Superseding Indictment, which all parties have requested be given to the jury, will be given to the jury.

(7) The Government's Revised Proposed Special Verdict Form (Docket No. 1313) will be given to the jury.

**IT IS SO ORDERED.**

Dated: September 12, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2