IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-12-0119-SI |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR FLORES, | ) | JURY INSTRUCTIONS |
| BENJAMIN CAMPOS-GONZALEZ, | ) | |
| ARMANDO ACOSTA, and | ) | |
| MARIO BERGREN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return; that is a matter entirely up to you.

**THE CHARGES AND PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The charges are contained in an indictment.  There are four defendants who are charged: VICTOR FLORES, BENJAMIN CAMPOS-GONZALEZ, ARMANDO ACOSTA, and MARIO BERGREN.  The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.  The defendants have pleaded not guilty to the charges and each is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence. In order to help you evaluate the evidence, I will now give you a brief summary of the crimes that are charged:

Count One

All four defendants are charged in Count One with conspiring to engage in the conduct of the affairs of a racketeering enterprise through a pattern of racketeering, also called "racketeering conspiracy" or "RICO conspiracy."  The racketeering enterprise that is alleged in the indictment is the 500 Block/C Street Gang.

Count Two

All four defendants are charged in Count Two with conspiring to commit murder to gain entrance to, or to maintain or increase position in, the 500 Block/C Street Gang, also called "conspiracy to commit murder in aid of racketeering."

Count Three

All four defendants are charged in Count Three with conspiring to commit assault with a dangerous weapon to gain entrance to, or to maintain or increase position in, the 500 Block/C Street Gang, also called "conspiracy to commit assault with a dangerous weapon in aid of racketeering"

Count Four

Defendants ARMANDO ACOSTA and MARIO BERGREN are each charged in Count Four with using or possessing a firearm during or in furtherance of the conspiracies charged in Counts One, Two, and Three.

<u>Counts Ten, Eleven, Twelve</u>

Defendants VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ are each charged in Counts Ten, Eleven, and Twelve with murder for the purpose of gaining entrance to, or maintaining or increasing position in, the 500 Block/C Street Gang, also called "murder in aid of racketeering."  Count Ten charges the murder in aid of racketeering of Gonzalo Avalos, Count Eleven charges the murder in aid of racketeering of Omar Cortez, and Count Twelve charges the murder in aid of racketeering of Hector Flores.

<u>Counts Thirteen, Fourteen, Fifteen, and Sixteen</u>

Defendants VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ also are each charged in Counts Thirteen, Fourteen, Fifteen, and Sixteen with attempted murder for the purpose of gaining entrance to, or maintaining or increasing position in, the 500 Block/C Street Gang, also called "attempted murder in aid of racketeering."  Count Thirteen charges the attempted murder in aid of racketeering of Ulysses Olguin, Count Fourteen charges the attempted murder in aid of racketeering of Giovanni Ruiz, Count Fifteen charges the attempted murder in aid of racketeering of Daniel Valadez, and Count Sixteen charges the attempted murder in aid of racketeering of Martin Brown.

<u>Count Seventeen</u>

Defendants VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ are each charged in Count Seventeen with using a firearm in furtherance of a crime of violence --- that is, any one of the murders in aid of racketeering charged in Counts Ten, Eleven, or Twelve, or any one of the attempted murders in aid of racketeering charged in Counts Thirteen, Fourteen, Fifteen, or Sixteen --- which use caused a murder.

<u>Count Eighteen</u>

Defendants VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ are also each charged in Count Eighteen with using or possessing a firearm during or in furtherance of a crime of violence, that is, any one of the murders in aid of racketeering or attempted murders in aid of racketeering charged in Counts Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, or Sixteen.

<u>Count Nineteen</u>

Defendant ARMANDO ACOSTA is charged in Count Nineteen with being an accessory after

1  the fact to the murders in aid of racketeering charged in Counts Ten, Eleven, and Twelve, the attempted

2  murders in aid of racketeering charged in Counts Thirteen, Fourteen, Fifteen, and Sixteen, the use of a

3  firearm during a crime of violence causing a murder charged in Count Seventeen, and the use or

4  possession of a firearm during or in furtherance of a crime of violence charged in Count Eighteen.

5       <u>Count Twenty</u>

6       Defendant ARMANDO ACOSTA is charged in Count Twenty with conspiring to obstruct

7  justice.

8       <u>Count Twenty-One</u>

9       Defendant ARMANDO ACOSTA is also charged in Count Twenty-One with obstruction of

10  justice.

11       <u>Count Twenty-Two</u>

12       Defendant ARMANDO ACOSTA is also charged in Count Twenty-Two with concealing or

13  destroying an object with intent to obstruct an investigation.

14       <u>Count Twenty-Three</u>

15       Defendant BENJAMIN CAMPOS-GONZALEZ is charged in Count Twenty-Three with

16  conspiring to commit robbery affecting interstate commerce, also called "Hobbs Act robbery

17  conspiracy."

18       <u>Counts Twenty-Four and Twenty-Six</u>

19       Defendant BENJAMIN CAMPOS-GONZALEZ is also charged in Counts Twenty-Four and

20  Twenty-Six each with the commission of robbery affecting interstate commerce, also called "Hobbs Act

21  robbery."

22       <u>Counts Twenty-Five and Twenty-Seven</u>

23       Defendant BENJAMIN CAMPOS-GONZALEZ is further charged in Counts Twenty-Five and

24  Twenty-Seven each with using or possessing a firearm during or in furtherance of the robbery

25  conspiracy charged in Count Twenty-Three, and the robberies charged in Counts Twenty-Four and

26  Twenty-Six.

27       <u>Count Thirty, Thirty-One, and Thirty-Two</u>

28       Defendant VICTOR FLORES is charged in Counts Thirty, Thirty-One, and Thirty-Two each

with attempted murder of a federal officer.  Count Thirty charges the attempted murder of federal officer Anwar Thompson, Count Thirty-One charges the attempted murder of federal officer Timothy O'Hara, and Count Thirty-Two charges the attempted murder of federal officer Brian Homcy.

Count Thirty-Three

Defendant VICTOR FLORES is charged in Count Thirty-Three with using or possessing a firearm during or in furtherance of the attempted murders of federal officers charged in Counts Thirty, Thirty-One, and Thirty-Two.

**CHARGE AGAINST DEFENDANT NOT EVIDENCE; PRESUMPTION OF**

**INNOCENCE; BURDEN OF PROOF**

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

1

## DEFENDANT'S DECISION NOT TO TESTIFY

2          A defendant in a criminal case has a constitutional right not to testify.  You may not draw

3   any inference of any kind from the fact that some defendants did not testify.

1

**DEFENDANT'S DECISION TO TESTIFY**

2      Some defendants have testified.  You should treat this testimony just as you would the testimony

3  of any other witness.

**REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government proves guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

### WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**WITNESS INTERVIEWS**

There was testimony at trial that the attorneys interviewed witnesses when preparing for and during the course of trial.  You must not draw an unfavorable inference from that fact.  Attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before trial and as necessary through the course of the trial.

1

**ACTIVITIES NOT CHARGED**

2      You are here only to determine whether the defendants are guilty or not guilty of the charges in

3 the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SEPARATE CONSIDERATION OF MULTIPLE COUNTS - MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

## STATEMENTS BY THE DEFENDANTS

You have heard testimony that the defendants made statements.  It is for you to decide (i) whether the defendant made the statement, and (ii) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

You have also heard testimony that some of the defendants made statements to law enforcement officers.  You may consider those statements of the defendants to law enforcement officers in the case against the declarant defendant, and not against the other defendants.

**EYEWITNESS IDENTIFICATION**

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1)    the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2)    whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3)    any inconsistent identifications made by the eyewitness;

(4)    the witness's familiarity with the subject identified;

(5)    the strength of earlier and later identifications;

(6)    lapses of time between the event and the identification; and

(7)    the totality of circumstances surrounding the eyewitness's identification.

1

## WITNESSES' PRIOR STATEMENTS

2      You have heard evidence that before testifying at this trial, certain witnesses made statements

3   concerning the same subject matter as his/her testimony in this trial.  You may consider that earlier

4   statement to help you decide how much of the witness's testimony to believe.  If you find that the prior

5   statement was not consistent with the witness's testimony at this trial, then you should decide whether

6   that affects the believability of the witness's testimony at this trial.

7      In addition, you have been instructed at various points during this trial when certain statements

8   made by witnesses may be considered for their truth.

9      Prior sworn testimony of a witness may also be considered for the truth because the prior

10   statement was given under oath at the time it was made.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMARIES NOT RECEIVED IN EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go to the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

1

**OPINION EVIDENCE, EXPERT WITNESS**

2     You have heard testimony from persons who, because of education or experience, were

3 permitted to state opinions and the reasons for their opinions or testify regarding specialized or technical

4 knowledge.

5     Such testimony should be judged like any other testimony. You may accept it or reject it, and

6 give it as much weight as you think it deserves, considering the witness's education and experience, the

7 basis given for the testimony, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONSIDERATION OF EVIDENCE; CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations: Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**TESTIMONY OF WITNESS – SPECIAL CIRCUMSTANCES**

You have heard testimony from several witnesses – Erica Huerta, Joseph Jones, Todd Tonnochy, Michelle Herrera, Shane Bowman, and Magali Flores -- who received benefits/compensation from the government and/or pled guilty to crimes pursuant to a cooperation agreement with the government in the hope of receiving leniency.

In evaluating these witnesses' testimony, you should consider the extent to which or whether his/her testimony may have been influenced by this factor.  In addition, you should examine his/her testimony with greater caution than that of other witnesses.

Certain plea agreements have been admitted into evidence.  The plea agreements are admissible on the issue of bias.  They are not offered to support the truthfulness of the witnesses' testimony.  A plea agreement requiring a witness to testify truthfully does not mean his or her testimony is, in fact, truthful.

**"ON OR ABOUT" EXPLAINED**

The Indictment charges that the offenses alleged were committed "on or about" certain dates or "in or about" certain months or years.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the relevant dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

## DISPOSITION OF CHARGE AGAINST CO-DEFENDANT

For reasons that do not concern you, the disposition of the cases against other co-defendants, including Joseph Ortiz and Justin Whipple, are not before you.  Do not speculate why.  This fact should not influence your verdicts with reference to these four defendants, and you must base your verdicts solely on the evidence against these defendants.

# RACKETEERING CONSPIRACY - ELEMENTS

I will now instruct you on the elements of the crimes charged, beginning with Count One.

Count One charges that each defendant on trial — along with others known and unknown — knowingly and intentionally conspired with at least one other person to conduct or to participate in the conduct of the affairs of a racketeering enterprise — the 500 Block/C Street Gang — in violation of 18 U.S.C. 1962(d). For simplicity, I will refer to this alleged conspiracy as the "RICO conspiracy." RICO refers to the Racketeer-Influenced and Corrupt Organizations Act found at Title 18 of the United States Code. Section 1962(d) makes it unlawful to conspire to do certain things.

In order to prove a defendant violated 18 U.S.C. 1962(d), as charged in Count One, the government must prove all of the following elements beyond a reasonable doubt:

*First*, there was a conspiracy between two or more persons to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise, through a pattern of racketeering activity. The terms "enterprise" and "pattern of racketeering activity" will be explained in a moment.

*Second*, the defendant knowingly and intentionally joined or became a member of the conspiracy, knowing of its essential purpose and intending to facilitate it. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. You may consider evidence of the defendant's words, acts or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Third*, the common understanding and agreement within the conspiracy, including the defendant's understanding and agreement, was that the enterprise would be conducted in such a way that one or more members of the conspiracy would commit at least two racketeering acts as part of a pattern of racketeering activity. The government is not required to prove that anyone actually committed any racketeering acts or that any particular defendant agreed that he personally would commit two racketeering acts. The government must, however, prove the defendant was aware of the essential nature and scope of the enterprise and agreed to participate in it, understanding that two or more racketeering acts were contemplated in the conduct of the affairs of the enterprise. Put differently, the government must prove that the defendant knowingly and intentionally agreed to facilitate a scheme which included

the operation or management of an enterprise through a pattern of racketeering acts. You must unanimously agree on at least two racketeering acts the defendant understood would be committed.

Evidence of gang membership cannot by itself prove that a defendant has entered a racketeering conspiracy.  In order to find a defendant guilty of racketeering conspiracy, the government must prove beyond a reasonable doubt that the defendant joined the conspiracy charged in the indictment knowing the conspiracy's purpose and intending to facilitate it.  The defendant must also know the essential nature and scope of the enterprise.

I will now define some of these terms for you. Unless I specify otherwise, these definitions also apply to all instances where I use the terms in these instructions.

**RACKETEERING CONSPIRACY – ELEMENTS - CONSPIRACY**

A conspiracy is a kind of criminal partnership — an agreement between two or more persons to commit a target crime. To be convicted of conspiracy, a defendant must enter into an agreement with at least one other co-conspirator to commit or to cause to be committed a target crime — and must do so knowingly and intentionally. There can be no conspiracy, however, when the only person with whom a defendant allegedly conspired was a government agent or informant.

Again, the crime of conspiracy is the agreement to commit a target crime. It does not matter whether the crime agreed upon is ever actually committed. For example, if two people actually agree to rob a bank, it would not matter, for purposes of criminal conspiracy, that they wind up not robbing the bank or even attempting to do so.

For an agreement, it is not necessary to have a written or express agreement or complete agreement on all details of the scheme. An informal understanding is enough. Nor is it necessary that all members of a conspiracy join at the same time. One may join a conspiracy after it is already in progress. One may become a member of a conspiracy without full knowledge of all the details of its unlawful scheme and without knowledge of the names, identities or locations of all of the other members. Even if someone does not directly conspire with all or most other conspirators in the overall scheme, he agrees, in effect, to participate in the conspiracy if: (i) he directly conspires with one or more conspirators to carry out at least one of the objects of the conspiracy; (ii) he knows or has reason to know that other conspirators were involved with those with whom he directly conspires; and (iii) he has reason to believe that whatever benefits he might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not necessary for the government to prove that any defendants on trial dealt directly with any other defendants on trial. Nor is it necessary for the government to prove that any defendant on trial was with any other defendant on trial during any given alleged incident.

It is not a defense that a person's participation in a conspiracy is minor or for a short period of time. Anyone who willfully and knowingly joins or remains in an existing conspiracy is as responsible for it as any other co-conspirator. Events that occurred before a conspirator joined a conspiracy may be considered by you to prove the nature and scope of the conspiracy at the time he joined. On the other

hand, one who has no knowledge of the conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a co-conspirator. Similarly, a person does not become a co-conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists or merely being present at the scene of a transaction or event related to the conspiracy.

A conspiracy may begin as a plot to commit a less serious target crime and later be expanded, by agreement, to contemplate a more severe target crime. So long as the government proves all required elements of the conspiracy to commit the more severe crime, including that the defendant reached a knowing and intentional agreement with one or more persons other than government informants to commit the more severe crime, it does not matter that the conspiracy grew out of an earlier plot to commit less serious crimes.

I said a moment ago that a criminal conspiracy is an agreement to commit a target crime. What is the target crime charged in Count One?  Under the RICO statute, it is a crime to conduct, or to participate in the conduct of, the affairs of an enterprise through a pattern of racketeering activity. In turn, the RICO statute further makes it a crime to conspire to conduct, or to participate in the conduct of, the affairs of an enterprise through a pattern of racketeering activity. Count One charges RICO conspiracy.

# MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in Counts One, Two and Three of the indictment existed, and if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

You must also decide whether the conspiracy charged in Count 20 of the indictment – Conspiracy to Obstruct Justice – existed, and if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

You must decide whether the conspiracy charged in Count 22 of the indictment – Conspiracy to Commit Robbery Affecting Interstate Commerce – existed, and if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

## RACKETEERING CONSPIRACY – ELEMENTS - ENTERPRISE

The term "enterprise" is part of the requirement that the government prove an agreement to conduct or to participate in the conduct of the affairs of an enterprise. What is an enterprise? An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group need not be a corporation or formal partnership or other legally recognized entity. In addition to having a common purpose, the group must have an ongoing organization, either formal or informal, but no particular structure is required. The personnel of the enterprise may change over time.

The government must prove that the charged enterprise itself, or the racketeering activities of those associated with it, had some effect upon interstate or foreign commerce. The effect may occur in any way and it need only be minimal. This requirement is met if the enterprise or its activities involved interstate or foreign communication devices (*e.g.*, telephone, internet, United States Postal Service) or the possession and use of firearms which traveled in interstate or foreign commerce.

**RACKETEERING CONSPIRACY – ELEMENTS – PATTERN OF RACKETEERING**

The government must also prove that the conspiracy contemplated that the enterprise would be conducted through a pattern of racketeering activity. A "pattern of racketeering activity" is two or more racketeering acts that have a relationship to each other and that amount to or pose a threat of continued criminal activity. Racketeering acts have a relationship to each other when they have the same or similar purposes, results, participants, victims or methods of commission. Sporadic or widely separated and isolated criminal activity does not form a pattern of racketeering activity.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY**

The RICO statute defines a racketeering act to be any of a long list of certain crimes, some of which are other federal crimes and some of which are state crimes. I will now list the racketeering activities alleged in this case and describe them. The two contemplated racketeering acts may be of the same type, for example, two murders; or, the two acts may be one of one type, for example, murder, and one of another type, for example, attempted extortion.

The pattern of racketeering charged in this case consists: (i) murder; (ii) attempted murder; (iii) conspiracy to commit murder; (iv) robbery; (v) attempted robbery; (vi) distribution and possession with intent to distribute controlled substances; (vii) conspiracy to distribute and to possess with intent to distribute controlled substances; (viii) witness retaliation and tampering; and (ix) obstruction of justice.

I will now instruct you on the definition of each of these racketeering activities that the members of the 500 Block/C Street Gang are alleged to have contemplated as part of their conspiracy.  Again, the crime charged in Count One is RICO conspiracy; the crime is the *agreement* to conduct the affairs of the 500 Block/C Street Gang through a pattern of racketeering.  No racketeering act need have been committed or even attempted by anyone.  Rather, so long as you find beyond a reasonable doubt that the pattern of racketeering activity alleged was contemplated as part of an agreement to conduct the affairs of the 500 Block/C Street Gang, that is sufficient.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY – MURDER**

Murder means unlawfully killing a person with malice aforethought. There are two kinds of malice aforethought: express malice aforethought and implied malice aforethought. Proof of either is sufficient to establish the state of mind required for murder. A person acts with express malice aforethought if he has a specific intent to unlawfully kill. A person acts with implied malice aforethought if: (i) the killing results from an intentional act; (ii) the natural consequences of the act are dangerous to human life; and (iii) the act was deliberately performed with knowledge of the danger and with conscious disregard to human life.

Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before committing the act that causes the victim's death. It does not require deliberation or the passage of any particular period of time.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY –**

**ATTEMPTED MURDER**

Attempted murder consists of taking at least one direct but ineffective step toward killing another person and doing so with express malice aforethought — which I defined for you in my discussion of murder. The direct but ineffective step must be more than merely planning or preparing to commit the crime or obtaining or arranging for something needed to commit the crime — it must indicate a certain and unambiguous intent to commit the crime. The act must be an immediate step towards the commission of the crime and must put a plan in motion so that the plan will, if completed, result in the crime being committed.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY –
CONSPIRACY TO COMMIT MURDER**

Conspiracy to commit murder consists of the following three essential elements: (i) a person specifically and intentionally agrees with one or more others to commit murder; (ii) at the time of the agreement, the person and one or more of the other alleged members of the conspiracy harbors express malice aforethought — which I previously defined for you; and (iii) an overt act is committed by one or more of the persons who agree and intend to commit murder. An "overt act" is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed-upon crime. The overt act must happen after the person has joined the conspiracy. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

## RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY –
## ROBBERY

Robbery consists of the following five essential elements: (i) a person takes property that is not his or her own; (ii) the property is taken from another person's possession and immediate presence; (iii) the property is taken against that person's will; (iv) the perpetrator uses force or fear to take possession of the property or maintain possession of the property; and (v) when the perpetrator takes the property, he or she specifically intends to permanently deprive the property from whomever it was taken. The intent to take the property must be formed before or during the time that he or she uses force or fear. If this intent arises only after the use of force or fear, then there is no crime of robbery.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY –**

**ATTEMPTED ROBBERY**

Attempted robbery consists of the following two essential elements: (i) taking a direct but ineffective step toward committing robbery; (ii) with specific intent to commit robbery. I previously defined "direct but ineffective step" for you in my definition of attempted murder.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY –**

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**

Possession with intent to distribute a controlled substance consists of the following two essential elements: (i) knowingly possessing the controlled substance; (ii) with the intent to deliver it to another person.

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY – CONSPIRACY TO DISTRIBUTE/POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**

The crime of conspiracy to distribute or to possess with intent to distribute a controlled substance consists of the following three essential elements: (i) two or more persons agree either to distribute a controlled substance or to possess a controlled substance with the intent to distribute it; (ii) the accused co-conspirator knows the agreement has an unlawful object or purpose; and (iii) the accused co-conspirator joins in the agreement intending to deliver or transfer possession to another person.

1  **RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY – WITNESS**

2  **RETALIATION AND TAMPERING**

3       Witness retaliation and tampering means killing or attempting to kill another person with the

4  intent to do one of the following: (i) prevent the attendance or testimony of another person in an official

5  proceeding; (ii) prevent the production of a record, document or other object in an official proceeding;

6  or (iii) prevent the communication by any person to a law enforcement officer or judge of the United

7  States of information relating to the commission or possible commission of a federal offense or a

8  violation of conditions of probation, parole or release pending judicial proceedings.

9       Witness retaliation and tampering also means using physical force or the threat of physical force

10  against another person, or attempting to do so in order to: (i) influence, delay or prevent the testimony of

11  any person in an official proceeding; (ii) cause or induce another person to: (a) withhold testimony or

12  withhold a record, document or other object from an official proceeding; (b) alter, destroy, mutilate or

13  conceal an object with intent to impair the integrity or availability of the object for use in an official

14  proceeding; or (c) be absent from an official proceeding to which that person has been summoned by

15  legal process; or (iii) hinder, delay or prevent the communication by any person to a law enforcement

16  officer or judge of the United States of information relating to the commission or possible commission

17  of a federal offense or a violation of conditions of probation, parole or release pending judicial

18  proceedings.

19

20

21

22

23

24

25

26

27

28

**RACKETEERING CONSPIRACY – ELEMENTS – RACKETEERING ACTIVITY –**

**OBSTRUCTION OF JUSTICE**

Obstruction of justice means influencing, obstructing, impeding, or trying to influence, obstruct or impede the due administration of justice and doing so corruptly, or by threats or force, or by any threatening communication, with the intent to obstruct justice.

1

**RACKETEERING CONSPIRACY – VERDICT FORM**

2       This concludes the list of alleged racketeering acts. Remember that the government must prove

3 that the conspiracy was to conduct or to participate in the conduct of the affairs of an enterprise through

4 a pattern of racketeering activity, including at least two alleged racketeering acts.

5       Your verdict on Count One, if unanimous, must be entered under Question 1A on the special

6 verdict form. You will do the same for all other counts — enter your unanimous verdict for each count

7 under the question that corresponds to that count.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RACKETEERING CONSPIRACY – SPECIAL FINDING REGARDNG MURDER AND MURDER CONSPIRACY PREDICATES

If you find any defendant guilty of the RICO conspiracy in violation of 18 U.S.C. 1962(d), you must then determine whether the government has proven beyond a reasonable doubt that certain particular offenses were part of the pattern of racketeering activity that the defendant knowingly and intentionally agreed would be committed within the essential nature and scope of the enterprise and fill out Question 1B on the special verdict form accordingly.

These offenses are: (i) murder; and (ii) conspiracy to commit murder. The elements of murder and murder conspiracy were just provided to you.  You must determine whether each defendant knowingly agreed that either of these two offenses would be part of the activity taken in furtherance of the RICO conspiracy charged in Count One. Your decision must be unanimous.

**CONSPIRACY TO COMMIT MURDER IN AID OF RACKETEERING – ELEMENTS**

Turning to Count Two, it is another conspiracy charge against all defendants but charges a different type of conspiracy. Count Two charges that the defendants — along with others known and unknown — knowingly and intentionally conspired with one another to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5).

Specifically, the indictment alleges that the defendants agreed to kill actual and suspected *Sureño* gang members, actual and suspected members of other rival gangs, and individuals suspected of cooperating with law enforcement, in order to gain entrance to, or to maintain or increase their position in the alleged enterprise. This is not an alleged RICO conspiracy but an alleged conspiracy under 18 U.S.C. 1959(a)(5).

In order to prove a defendant violated 18 U.S.C. 1959(a)(5), the government must prove the following elements beyond a reasonable doubt.

*First*, an enterprise affecting interstate or foreign commerce existed. The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity. Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, the defendant knowingly and intentionally conspired to commit murder. The elements the government must prove beyond a reasonable doubt to establish a conspiracy to commit murder were previously explained to you in my discussion of Count One.

*Fourth*, the defendant's purpose in conspiring to commit murder was to gain entrance to, or to maintain or increase his position in the enterprise. It is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime. You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise. An incidental motivation, however, is not enough. In determining a defendant's purpose in committing the alleged crime, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**CONSPIRACY TO COMMIT ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING – ELEMENTS**

Turning to Count Three, it is yet another conspiracy charge. Count Three charges that the defendants — along with others known and unknown — knowingly and intentionally conspired with one another to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(6). Specifically, the indictment alleges that the defendants agreed to attack with guns, knives and other dangerous weapons actual and suspected *Sureño* gang members, actual and suspected members of other rival gangs, and individuals suspected of cooperating with law enforcement, in order to gain entrance to, or to maintain or increase their position within the alleged enterprise.

In order to prove a defendant violated 18 U.S.C. 1959(a)(6), the government must prove the following elements beyond a reasonable doubt.

*First*, an enterprise affecting interstate commerce existed. The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity. Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, the defendant knowingly and intentionally conspired to commit assault with a dangerous weapon. In order to prove conspiracy to commit assault with a dangerous weapon, the government must show that the defendant specifically intended to agree and did agree with one or more other persons to intentionally and unlawfully commit assault with a dangerous weapon, and that an overt act was committed by one or more persons who agreed and intended to commit the assault. Overt act was previously defined for you in my discussion of Count One.

*Fourth*, the defendant's purpose in conspiring to commit assault with a dangerous weapon was to gain entrance to, or to maintain or increase his position in the enterprise. As stated before, it is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime. You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise. An incidental motivation, however, is not enough.

In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

I previously provided you with the definition of overt act in my discussion of the alleged racketeering acts. I have not yet provided you with a definition of assault with a dangerous weapon. Assault with a dangerous weapon consists of the following essential elements.

*First*, someone willfully does an act with a dangerous weapon that by its nature would directly and probably result in the application of force to a person. Someone commits an act "willfully" when he does it willingly or on purpose. It is not required that he intend to break the law, hurt someone else or gain any advantage.

*Second*, when the accused person acts, he is aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone.

*Third*, when the accused person acts, he has the present ability to apply force with a dangerous weapon to a person.

**MURDER IN AID OF RACKETEERING – ELEMENTS**

Count Ten charges defendants VICTOR FLORES and BENJMAIN CAMPOS-GONZALEZ with the murder in aid of racketeering of Gonzalo Avalos.  Count Eleven charges them with the murder in aid of racketeering of Omar Cortez.  And Count Twelve charges them with the murder in aid of racketeering of Hector Flores.  I will now instruct you on the elements of murder in aid of racketeering, which is applicable to each of Counts Ten through Thirteen.

In order to convict the defendants for murder in aid of racketeering, the government must prove beyond a reasonable doubt four elements.

*First*, an enterprise affecting interstate commerce existed. The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity. Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, the defendant committed the crime of murdering the victims charged in each count. The elements the government must prove beyond a reasonable doubt to establish murder were previously explained to you in my discussion of Count One.

*Fourth*, the defendant's purpose in committing the charged murder was to gain entrance to, or to maintain or increase his position in the enterprise. As I previously explained, it is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime. You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise. An incidental motivation, however, is not enough.

In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

### ATTEMPTED MURDER IN AID OF RACKETEERING – ELEMENTS

Count Thirteen charges defendants VICTOR FLORES and BENJMAIN CAMPOS-GONZALEZ with the attempted murder in aid of racketeering of Ulysses Olguin.  Count Fourteen charges them with the attempted murder in aid of racketeering of Giovanni Ruiz.  Count Fifteen charges them with the attempted murder in aid of racketeering of Daniel Valadez.  And Count Sixteen charges them with the attempted murder in aid of racketeering of Martin Brown.  I will now instruct you on the elements of attempted murder in aid of racketeering, which are applicable to each of Counts Thirteen through Sixteen.

In order to convict the defendants for attempted murder in aid of racketeering, the government must prove beyond a reasonable doubt four elements.

*First*, an enterprise affecting interstate commerce existed. The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity. Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, the defendant committed the crime of attempting to murder the victims charged in each count. The elements the government must prove beyond a reasonable doubt to establish attempted murder were previously explained to you in my discussion of Count One.

*Fourth*, the defendant's purpose in committing the charged attempted murder was to gain entrance to, or to maintain or increase his position in the enterprise. As I previously explained, it is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime. You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise. An incidental motivation, however, is not enough.

In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

## ROBBERY AFFECTING INTERSTATE COMMERCE – ELEMENTS

Defendant BENJAMIN CAMPOS-GONZALEZ is charged in Counts Twenty-Four and Twenty-Six with robbery affecting interstate commerce, one on April 5, 2010, the other on April 10, 2010.  In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant induced a person to part with property by the wrongful use of actual or threatened force, violence, or fear;

*Second*, the defendant acted with the intent to obtain property; and

*Third*, commerce from one state to another was affected in some way.

Only a *de minimis* effect on interstate commerce is required to establish jurisdiction for these charges, and the effect need only be probable or potential, not actual.

## CONSPIRACY TO COMMIT ROBBERY AFFECTING
## INTERSTATE COMMERCE – ELEMENTS

Defendant BENJAMIN CAMPOS-GONZALEZ is charged in Count Twenty-Three with conspiring to commit robbery affecting interstate commerce in April 2010, which encompassed the robberies charged in Counts Twenty-Four and Twenty-Six that I just discussed.  In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant conspired with another person to commit robbery.  I explained both conspiracy and robbery to you earlier in connection with my discussion of Count One.

*Second*, the robbery that was the object of the conspiracy, if actually committed, would have had an effect on interstate commerce.  Let me repeat that only a *de minimis* potential effect, and not an actual effect, on interstate commerce, is required.

**ATTEMPTED MURDER OF FEDERAL OFFICER OR EMPLOYEE – ELEMENTS**

Count Thirty charges defendant VICTOR FLORES with the attempted murder of federal officer Anwar Thompson.  Count Thirty-One charges him with the attempted murder of federal officer Timothy O'Hara.  And Count Thirty-Two charges him with the attempted murder of federal officer Brian Homcy.  I will now instruct you on the elements of attempted murder of a federal officer, which are applicable to each of Counts Thirty through Thirty-Two.

In order to convict the defendant for attempted murder of a federal officer, the government must prove beyond a reasonable doubt four elements.

*First*, the defendant attempted to murder of a federal officer.  I explained the elements of attempted murder to you earlier in connection with my discussion of Count One.

*Second*, the defendant attempted to murder the federal officer while the federal officer was engaged in, or on account of his, official duties.

The government does not need to prove that the defendant knew that the person he attempted to murder was a federal officer or employee.

**ATTEMPTED MURDER OF FEDERAL OFFICER—DEFENSES**

With respect to Counts 30, 31 and 32, defendant Victor Flores asserts that he acted in self-defense.  It is a defense to the charges in Counts 30, 31 and 32 if (1) the defendant did not know that Anwar Thompson, Timothy O'Hara, and Brian Homcy were federal agents, (2) the defendant reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that Anwar Thompson, Timothy O'Hara, and Brian Homcy were federal agents or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.

**USE/POSSESSION OF FIREARM DURING OR IN FURTHERANCE OF A CRIME OF VIOLENCE – ELEMENTS**

I will now instruct you on the firearms violations charged in the Indictment, beginning with the offense set forth under 18 U.S.C. § 924(c), which makes it a crime to use or possess a firearm during or in furtherance of a crime of violence.  In order to prove this crime, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant committed a crime of violence.  A crime of violence is a crime, chargeable in federal court, that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or a felony offense that by its nature involves the substantial risk that physical force against the person or property of another may be used in committing the offense.

*Second*, the defendant either: (1) used or carried a firearm during and in relation to the crime of violence, or (2) possessed a firearm in furtherance of the crime of violence.  A person possesses a firearm if the person knows of its presence and has physical control over it, or knows of its presence and has the power and intention to control it.  More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

The Indictment charges four violations of 18 U.S.C. § 924(c).  Let me describe each one to you in turn.

Count Four charges defendants ARMANDO ACOSTA and MARIO BERGREN with violating 18 U.S.C. § 924(c) and alleges that the underlying crime of violence is one of any of the following: (i) the RICO conspiracy charged in Count One, so long as you find that one of the racketeering activities was a crime of violence, notably, murder, murder conspiracy, attempted murder,  robbery, attempted robbery, extortion, or witness retaliation; (ii) the conspiracy to commit murder in aid of racketeering charged in Count Two; and (iii) the conspiracy to commit assault with a dangerous weapon in aid of racketeering charged in Count Three.  You only need to find that each defendant committed just one of these three crimes of violence, but you must be unanimous as to which one.

Count Eighteen charges defendants VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ with violating 18 U.S.C. § 924(c) and alleges that the underlying crime of violence is one of any of the following: (i) Count Ten, the murder in aid of racketeering of Gonzalo Avalos; (ii) Count

Eleven, the murder in aid of racketeering of Omar Cortez; (iii) Count Twelve, the murder in aid of racketeering of Hector Flores; (iv) Count Thirteen, the attempted murder in aid of racketeering of Ulysses Olguin; (v) Count Fourteen, the attempted murder in aid of racketeering of  Giovanni Ruiz; (vi) Count Fifteen, the attempted murder in aid of racketeering of  Daniel Valadez; and (vii) Count Sixteen, the attempted murder in aid of racketeering of Martin Brown.  Again, you only need to find that each defendant committed just one of these seven crimes of violence, but you must be unanimous as to which one.

Counts Twenty-Five and Twenty-Seven each charge defendant BENJAMIN CAMPOS-GONZALEZ with additional violations of 18 U.S.C. § 924(c).  Count Twenty-Five alleges that the underlying crime of violence is either: (i) the conspiracy to commit robbery affecting interstate commerce charged in Count Twenty-Three; or (ii) the robbery affecting interstate commerce on April 5, 2010, charged in Count Twenty-Four.  Again you only need to find that defendant CAMPOS-GONZALEZ committed just one of these two crimes of violence, but you must be unanimous as to which one.  Count Twenty-Seven, in turn, alleges that the underlying crime of violence is the April 10, 2010 robbery affecting interstate commerce charged in Count Twenty-Six.

Finally, Count Thirty-Three charges defendant VICTOR FLORES with 18 U.S.C. § 924(c) and alleges that the underlying crime of violence is any of the following: (i) the attempted murder of federal officer Anwar Thompson charged in Count Thirty; (ii) the attempted murder of federal officer Timothy O'Hara charged in Count Thirty-One; and (iii) the attempted murder of federal officer Brian Homcy charged in Count Thirty-Two.  Again, you only need to find that defendant Flores committed just one of these three crimes of violence, but you must be unanimous as to which one.

**USE OF FIREARM IN FURTHERANCE OF CRIME OF VIOLENCE**

**CAUSING MURDER – ELEMENTS**

Count Seventeen charges defendants VICTOR FLORES and BENJAMIN CAMPOS-GONZALEZ with using a firearm in furtherance of a crime of violence causing a murder.   In order to prove this crime, the government must prove each of the following elements beyond a reasonable doubt for each defendant:

*First*, the defendant committed a crime of violence.  I have previously instructed you on what constitutes a crime of violence.

*Second*, the defendant knowingly used the firearm during or in relation to the crime of violence, or possessed a firearm in furtherance of the crime of violence.

*Third*, the use of the firearm caused the murder of a person, that is, the unlawful killing with malice aforethought of a person.  I instructed you on murder in my discussion of Count One.

The underlying crime of violence for Count Seventeen is any one of the following: (i) Count Ten, the murder in aid of racketeering of Gonzalo Avalos; (ii) Count Eleven, the murder in aid of racketeering of Omar Cortez; (iii) Count Twelve, the murder in aid of racketeering of Hector Flores; (iv) Count Thirteen, the attempted murder in aid of racketeering of  Ulysses Olguin; (v) Count Fourteen, the attempted murder in aid of racketeering of  Giovanni Ruiz; (vi) Count Fifteen, the attempted murder in aid of racketeering of Daniel Valadez; and (vii) Count Sixteen, the attempted murder in aid of racketeering of Martin Brown.  Again, you only need to find that the defendant committed just one of these six crimes of violence, but you must be unanimous as to which one.

**SPECIAL FINDING UNDER 18 U.S.C. §§ 924(c) AND 924(j)**

If you find beyond a reasonable doubt that any of the defendants is guilty of any of the violations of 18 U.S.C. § 924(c) --- Counts Four, Eighteen, Twenty-Five, Twenty-Seven, and Thirty-Three --- and 18 U.S.C. § 924(j) --- Count Seventeen --- then you must also decide, for each count, whether the defendant's commission of the crime involved brandishing a firearm or discharging a firearm.

"Brandish" means to display a firearm or make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

"Discharge," in turn, means to fire the firearm.

1

## ACCESSORY AFTER THE FACT - ELEMENTS

2     Count Nineteen charges defendant ARMANDO ACOSTA with being an accessory after the fact

3   to murder in aid of racketeering, attempted murder in aid of racketeering, and the use or possession of a

4   firearm during or in furtherance of a crime of violence, in violation of 18 U.S.C. § 3.

5     Count Nineteen requires proof of the following three elements beyond a reasonable doubt:

6     *First*, someone committed any one of the following eight crimes: murder in aid of racketeering,

7   charged in Counts Ten, Eleven, and Twelve; attempted murder in aid of racketeering, charged in Counts

8   Thirteen, Fourteen, Fifteen, and Sixteen; use of a firearm during a crime of violence causing a murder,

9   charged in Count Seventeen; or use or possession of a firearm during or in furtherance of a crime of

10  violence, charged in Count Eighteen.

11    *Second*, the defendant knew that someone had engaged in the conduct that resulted in any of the

12  crimes charged in Counts Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, or

13  Eighteen.

14    *Third*, the defendant intentionally received, relieved, comforted, or assisted the person

15  committing the underlying crime in order to hinder or prevent that person's apprehension, trial, or

16  punishment.

17

18

19

20

21

22

23

24

25

26

27

28

**ACCESSORY AFTER THE FACT – SPECIAL FINDING REGARDNG UNDERLYING CRIME**

      If you find defendant ARMANDO ACOSTA guilty of being an accessory after the fact in violation of 18 U.S.C. § 3, you must then determine beyond a reasonable doubt whether ACOSTA was an accessory after the fact to any one or more of the following crimes: (i) murder in aid of racketeering, charged in Counts Ten, Eleven, and Twelve; (ii) use of a firearm during a crime of violence causing a murder, charged in Count Seventeen; or (iii) use of a firearm during a crime of violence, charged in Count Eighteen.  You should note your decision on the verdict form provided.  Your decision must be unanimous.

1

**CONSPIRACY TO OBSTRUCT JUSTICE - ELEMENTS**

2   Count Twenty charges defendant ARMANDO ACOSTA with conspiring to obstruct justice, in

3   violation of 18 U.S.C. § 371.  I have already instructed you on conspiracy earlier, so you should refer

4   back to that instruction.

5   Count Twenty requires proof of the following three elements beyond a reasonable doubt:

6   *First*, during approximately the dates charged, there was an agreement between two or more

7   persons to obstruct justice.

8   *Second*, the defendant became a member of the conspiracy knowing of its object and intending to

9   help accomplish it.

10   *Third*, a member of the conspiracy performed at least one overt act for the purpose of carrying

11   out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONSPIRACY TO OBSTRUCT JUSTICE – ELEMENTS – OVERT ACT

The conspiracy charged in Count Nineteen requires that a member of the conspiracy, though not necessarily the defendant, committed an overt act in furtherance of the conspiracy.  Thus, let me explain what an overt act is.

An overt act is any act that is taken to help advance the goal of the conspiracy.  An overt act does not itself have to be unlawful.  A lawful act may be an overt act in furtherance of a conspiracy if it was done for the purpose of carrying out the conspiracy.  In addition, the government is not required to prove that the defendant personally committed one of the overt acts.

**OBSTRUCTION OF JUSTICE - ELEMENTS**

Count Twenty-One charges defendant ARMANDO ACOSTA with obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2).

Count Twenty-One requires proof of the following two elements beyond a reasonable doubt:

*First*, the defendant obstructed, influenced, or impeded an official proceeding, or tried to obstruct, influence, or impede an official proceeding.

*Second*, the defendant acted corruptly, with the intent to obstruct justice.

"Official proceeding" includes proceedings before a federal grand jury.

The official proceeding need not have been in existence at the time the defendant engaged in his obstructive conduct.  Rather, it is sufficient if the obstruction of the official proceeding was a natural and probable effect of the defendant's obstructive conduct.

"Corruptly," in turn, means to act with the purpose of obstructing justice.

## CONCEALMENT OR DESTRUCTION OF OBJECT TO OBSTRUCT INVESTIGATION - ELEMENTS

Count Twenty-Two charges defendant ARMANDO ACOSTA with the concealment or destruction of an object with the intent to obstruct an investigation, in violation of 18 U.S.C. § 1519.

Count Twenty-Two requires proof of the following two elements beyond a reasonable doubt:

*First*, the defendant knowingly concealed or destroyed a tangible object.

*Second*, the defendant did so with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of a department or agency of the United States.

1

## AIDING AND ABETTING

2      I've instructed you now on the elements of the charged crimes.  I now want to instruct you on the

3 doctrine of aiding and abetting.

4      A defendant may be found guilty of the crimes charged against him even if the defendant

5 personally did not commit the act or acts constituting the crime but, instead, aided and abetted in the

6 crimes' commission.  To prove a defendant guilty of aiding and abetting, the government must prove

7 beyond a reasonable doubt the following:

8      *First*, the offense charged was committed by someone.

9      *Second*, the defendant knowingly and intentionally aided, counseled, commanded, induced or

10 procured that person to commit each element of the offense charged; and

11      *Third*, the defendant acted before the offense charged was completed. It is not enough that the

12 defendant merely associated with the person committing the crime, or unknowingly or unintentionally

13 did things that were helpful to that person, or was present at the scene of the crime. The evidence must

14 show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping

15 that person commit the offense charged.

16      The government is not required to prove who committed the crime but it is required to prove that

17 the charged defendant knowingly and intentionally aided and abetted each element of the offense by that

18 other person.

19

20

21

22

23

24

25

26

27

28

**SPECIAL INSTRUCTION REGARDING AIDING AND ABETTING A VIOLATION OF**

**18 U.S.C. §§ 924(c) and 924(j)**

I would like to further instruct you concerning how the aiding and abetting doctrine applies to the firearms violations charged in Counts Four, Seventeen, Eighteen, Twenty-Five, and Twenty-Seven.

Counts Four, Eighteen, Twenty-Five and Twenty-Seven each charge that their respective defendant or defendants used or possessed a firearm during or in furtherance of a crime of violence. Count Seventeen charges its defendants with use of a firearm during a crime of violence causing a murder. Common to all these counts is that you must find beyond a reasonable doubt that a firearm was used or possessed in connection with an underlying crime of violence.

You cannot convict a defendant of these firearms counts under the aiding and abetting doctrine if you conclude that the defendant merely aided and abetted the underlying crime of violence but did not have advance knowledge that the crime of violence would involve the use or possession of a firearm. Rather, in order to convict a defendant of these firearms charges under the aiding and abetting doctrine, you must find, beyond a reasonable doubt, that the defendant at least had advance knowledge that a gun would be used or possessed in connection with the underlying crime and that, rather than end his involvement in the underlying crime, he continued in its commission.

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone --- including me --- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.